IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATHANIEL MORRIS, JR., | ) | |
| | ) | C.A NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| BAYHEALTH MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff, Nathaniel Morris, Jr., is an adult African American individual who resides at 107 Davis Circle, Dover, Delaware 19901.

2. Defendant, Bayhealth Medical Center, is a Delaware corporation with an address of 640 South State Street, Dover, Delaware, 19904.

## JURISDICTION AND VENUE

3. This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation or rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, as well as a common law claim brought pursuant to state law.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(3) and 1343(4), conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights. The Court's pendent jurisdiction of claims arising under Delaware law is invoked pursuant to 28 U.S.C. 1367(a).

5. Venue lies in this Court pursuant to 28 U.S.C. §1391 because defendant is subject to

personal jurisdiction in this district.

## FACTS

6. Plaintiff was working with Bayhealth Medical Center as a Security Officer for four years when his employment was terminated.

7. Plaintiff was given keys to everything in the Medical Center and he worked many double shifts as a Security Officer.

8. In or around the end of March 2005, Plaintiff was brought into the Office of Jeff Lewin, The Human Resources Director, by Mr. Marvin Lands, The Director of Security.

9. At that time, Plaintiff was questioned regarding an incident with his license that occurred prior to his start as a Security Officer. Plaintiff informed Mr. Lewin that the suspension of his license was for failure to pay his child support. His child support was garnished directly out of his check and had been for the past four years and that the license problem had been resolved.

10. Plaintiff was then questioned regarding another incident that occurred in Maryland, prior to his start at Bayhealth regarding a stolen rental car.

11. Plaintiff informed Mr. Lewin that the case had been dismissed against him because he did not steal the rental car. Mr. Lewin requested Plaintiff sign a form so they could investigate this incident. Plaintiff signed the form and an investigation was conducted.

12. On or about April 13, 2005, Plaintiff was again called into Mr. Lewin's Office. Mr. Lewin acknowledged that the Maryland incident was cleared as Plaintiff said, however, he then informed Plaintiff that he was seen taking a soda from the cafeteria without paying for it.

13. Mr. Lewin and Mr. Lands informed Plaintiff that they would conduct an investigation.

14. Two days later Plaintiff went on a prescheduled vacation.

15. On or about April 25, 2005, upon his return from his vacation, Plaintiff was informed that the investigation has been completed and that he was terminated.

16. The results of the investigation indicated that Defendant had one witness who claims she saw the Plaintiff take a soda, but the employer had no substantial evidence.

17. In early March 2005, at about the same time as the initial questioning, by Defendant, of the incidents that occurred prior to Plaintiff's start at Bayhealth Medical Center, a Retired Caucasian Police Officer contacted Plaintiff's supervisor, Dave Freeman regarding employment. At the time there was no open positions.

18. After Plaintiff was terminated, the same Retired Police Officer was hired and put into Plaintiff's position.

## COUNT I.

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. The averments of paragraphs 1 through 18 are incorporated be reference as if fully set forth at length.

20. Defendants actions constitute a violation of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant awarding Plaintiff damages arising as a result of the violation, including punitive damages, attorneys fees and costs and such other relief ans the Court deems just and necessary under the circumstances.

## COUNT II.

### BREACH OF THE STANDARD OF GOOD FAITH AND FAIR DEALING

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. Defendants discharge or termination of Mr. Morris was a breach of the public policy of the State of Delaware and was therefore, a breach of the covenant of good faith and fair dealing implied in his employment contract.

23. As a direct and proximate result of the breach of the covenant of good faith and fair dealing implied in its contract with Mr. Morris by defendant, Mr. Morris has suffered, is presently suffering and will continue to suffer lost income and benefits, lost future wages, loss of professional stature, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non-pecuniary losses.

24. Defendants wrongful misconduct was malicious, reckless, willful and wanton. Defendants are therefore liable to Mr. Morris for punitive damages

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant awarding Plaintiff damages arising as a result of the breach, including punitive damages, attorneys fees and costs and such other relief ans the Court deems just and necessary under the circumstances.

## COUNT III.

### BREACH OF THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Defendants actions constitute a violation of the Delaware Discrimination of Employment Act.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant awarding Plaintiff damages arising as a result of Defendant's conduct, including punitive damages, attorneys fees and costs and such other relief ans the Court deems just and necessary under the circumstances.

**NOLTE & ASSOCIATES**

**R. STOKES NOLTE, ESQUIRE**
ID No. 2301
Nolte & Associates
1010 N. Bancroft parkway Suite 21
Wilmington, DE 19805
(302) 777-1700
Attorney for Plaintiff

JS 44   (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

## I. (a) PLAINTIFFS
Nathaniel Morris Jr

(b) County of Residence of First Listed Plaintiff   Kent
(EXCEPT IN U S PLAINTIFF CASES)

(c) Attorneys (Firm Name, Address, and Telephone Number) R Stokes Nolte
1010 N. Bancroft Pkwy Suite 21
Wilmington, DE 19805

## DEFENDANTS
Bayhealth Medical Center

County of Residence of First Listed Defendant   Kent
(IN U S PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret Inc Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an X in One Box Only)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of Civil Rights Act of 1964
Brief description of cause:
Wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE   5-3-06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. \_\_\_\_06 - 290\_\_\_\_

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF \_\_\_1\_\_\_ COPIES OF AO FORM 85.

\_\_\_5-3-06\_\_\_   \_\_\_\_/s/\_\_\_\_
(Date forms issued)   (Signature of Party or their Representative)

\_\_\_Stokes Nolte\_\_\_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action