IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATHANIEL MORRIS, JR., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 06-290 SLR |
| v. : | |
| : | |
| BAYHEALTH MEDICAL CENTER, : | |
| : | |
| Defendant. : | |

## ANSWER TO COMPLAINT

Defendant Bayhealth Medical Center, Inc. ("Bayhealth"), by and through its counsel, hereby responds to the above-captioned Complaint in accordance with the numbered paragraphs thereof as set forth below.

1. Bayhealth admits that Plaintiff Nathaniel Morris, Jr. is an adult individual and that Bayhealth's records show his residence address as 107 Davis Circle, Dover, Delaware 19901.

2. Admitted.

## JURISDICTION AND VENUE

3. Bayhealth admits that Plaintiff purports to bring this action and to seek relief pursuant to the federal and state law claims referenced. Bayhealth denies that it committed any acts of employment discrimination and further denies that Plaintiff is entitled to any relief. The remaining allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

4. Bayhealth admits that Plaintiff invokes subject matter jurisdiction of his federal claim pursuant to 28 U.S.C. §1343(a)(3) and 1343(a)(4), and pendent jurisdiction of his claims arising under Delaware law pursuant to 28 U.S.C. 1367(a).

1

5. Bayhealth admits that the District of Delaware is the proper venue for this action. Bayhealth denies that it committed any acts of employment discrimination and further denies that Plaintiff is entitled to any relief.

## FACTS

6. Admitted in part; denied in part. Bayhealth admits that Plaintiff worked as a Security Officer from November 11, 2000 until May 6, 2001. The remaining allegations of this paragraph are denied.

7. Admitted in part; denied in part. Bayhealth admits that Plaintiff occasionally worked double shifts as a Security Officer. The remaining allegations of this paragraph are denied.

8. Denied as stated. Bayhealth admits that in or around March 2005, Marvin Lands, Director of Security, escorted Plaintiff to the office of Jeffrey M. Lewin, Human Resources Director.

9. Admitted.

10. Denied as stated. Bayhealth admits that Plaintiff volunteered that he had been arrested on charges of stealing a rental car, but stated that he had not been convicted of the charges.

11. Denied as stated. Bayhealth admits that Plaintiff explained to Mr. Lewin and Mr. Lands that the charges against him had been dismissed because he did not steal the rental car. Bayhealth further admits that Mr. Lewin asked Plaintiff to sign a release so that Bayhealth could conduct a criminal background check. Plaintiff signed the release and the criminal background check was conducted.

12. Denied.

13. Admitted in part; denied in part. Bayhealth admits that, on April 13, 2005, Mr. Lands and David Freeman, Manager, Department of Security, Safety and Auto Services, interviewed Plaintiff pursuant to their investigation of a report from a Bayhealth employee that she had witnessed Plaintiff take a soda from a cooler in the Hospital cafeteria without paying for the soda. The remaining allegations of this paragraph are denied.

14. Denied as stated. Bayhealth admits that Plaintiff took paid time off from April 15, 2005 through April 22, 2005.

15. Admitted.

16. Admitted in part; denied in part. Bayhealth admits that one witness, who is a Bayhealth employee, provided written and oral statements that she had observed Plaintiff take a soda from a cooler in the Hospital cafeteria without paying for the soda. Bayhealth further admits that Mr. Lands and Mr. Freeman found the witness's statements to be credible. The remaining allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, said allegations are denied.

17. Denied.

18. Denied.

## COUNT I

19. Bayhealth's responses to paragraphs 1 through 18 above are incorporated by reference as if fully set forth herein.

20. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, said allegations are denied.

3

## COUNT II

21. Bayhealth's responses to paragraphs 1 through 20 above are incorporated by reference as if fully set forth herein.

22. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, said allegations are denied.

23. Denied.

24. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, said allegations are denied.

## COUNT III

25. Bayhealth's responses to paragraphs 1 through 24 above are incorporated by reference as if fully set forth herein.

26. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, said allegations are denied.

WHEREFORE, Bayhealth respectfully requests that the Court dismiss the Complaint and enter judgment in its favor together with the costs of this action, including reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Bayhealth did not engage in any improper conduct with respect to the Plaintiff and is not liable to Plaintiff for any such conduct.

3. Bayhealth acted properly, in good faith and in accordance with business-related reasons affecting Plaintiff.

4. Plaintiff is not entitled to the recovery of punitive damages because no acts attributed to Bayhealth were taken with malice or reckless indifference.

5. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

6. Plaintiff is not entitled to an award of attorneys' fees and costs.

7. Plaintiff has suffered no damages or, in the alternative, any damages suffered by Plaintiff were not proximately caused by Bayhealth.

Defendant reserves the right to assert any additional defenses that may be disclosed through the discovery process.

SL1 651689v1/011425.00106

WHEREFORE, Bayhealth respectfully requests that the Court dismiss the Complaint and enter judgment in its favor together with the costs of this action, including reasonable attorney's fees.

Dated:  July 21, 2006 **STEVENS & LEE**

By  */s/ Joseph Grey*
Joseph Grey (No. 2358)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, Seventh Floor
Wilmington, DE 19801
Tel:  (302) 654-5180
Fax:  (302) 654-5181
E-mail: jg@stevenslee.com
          tgw@stevenslee.com

Kenneth D. Kleinman, Esquire
John F. Ward, Esquire
620 Freedom Business Center
Suite 200
P.O. Box 62330
King of Prussia, Pennsylvania 19406
(610) 205-6000

*Counsel for Defendant Bayhealth Medical Center, Inc.*

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that on this 21st day of July, 2006, I caused copies of the foregoing Answer to Complaint to be served by first class United States mail, postage prepaid, upon counsel for Plaintiff, addressed as follows:

> R. Stokes Nolte, Esquire
> Nolte & Associates
> 1010 N. Bancroft Parkway, Suite 21
> Wilmington, DE  19805


> _/s/ Joseph Grey_
> JOSEPH GREY